■ In the Matter of KEITH A. HAMMOND, Respondent, v LARRY BUGBEE et al., Constituting the RENSSELAER COUNTY BOARD OF ELECTIONS, Respondents, and ROBERT C. SEWARD, JR., Appellant. [746 NYS2d 332] —Per Curiam.

On July 22, 2002, the Executive Committee of the Liberal Party of Rensselaer County met and nominated respondent

Robert C. Seward, Jr. (hereinafter respondent), a registered Republican Party member, as its candidate for the office of County Legislator in District 2 in Rensselaer County. The petition authorizing the nomination of a nonenrolled party member was filed July 26, 2002. On August 2, 2002, Timothy Murphy, a registered voter in District 2, filed an objection with the Rensselaer County Board of Elections seeking to invalidate the designating petition on the basis that the Liberal Party's county committee was not duly constituted because, in June 2002, the Rensselaer County Board of Elections had advised the Liberal Party county committee of the deletion from its roll of 14 county committee members.

Thus, according to Murphy, the county committee was composed of only 54 members, which was less than the number required for the committee to be legally constituted under Election Law § 2-104. Shortly thereafter, petitioner commenced this proceeding against respondent and the members of the Rensselaer County Board of Elections, seeking to invalidate the designating petition on the same ground asserted by Murphy. Respondent appeals from Supreme Court's judgment which granted the petition invalidating the Liberal Party's designating petition nominating respondent as its candidate.

The dispositive issue is whether the Liberal Party's county committee was legally constituted at the time that its executive committee authorized the nomination of respondent. We hold that it was and reverse. Election Law § 2-106 (3) provides, in pertinent part, that the members of a county committee shall be elected biennially. Inasmuch as the county committee was legally constituted after the necessary number of members were properly elected at the September 2000 primary election (see Election Law § 2-104 [3]), we find that the county committee remains so, notwithstanding the status of its individual members, until the next biennial election. Hence, the petition must be dismissed.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.